**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3306-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIWAN FLAGLER, a/k/a
TUQAUN ASHLEY,

    Defendant-Appellant.

_____

Submitted December 2, 2025 – Decided February 19, 2026

Before Judges Gooden Brown and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-01-0081.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the briefs).

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Khyzar Hussain, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

Appellant filed a supplemental brief on appellant's behalf.

PER CURIAM

Defendant, Tiwan Flagler, appeals from the judgment of conviction after his 2023 resentencing for a 2012 armed robbery and related offenses. The resentencing court imposed a discretionary extended term of twenty-six years' imprisonment, after finding defendant to be a persistent offender pursuant to N.J.S.A. 2C:44-3(a), based on his prior convictions and extensive criminal history.

Defendant contends the resentencing court erred in: (1) imposing a disparate sentence from the codefendant; (2) assessing applicable sentencing factors and improperly considering a dismissed juvenile matter; and (3) assuming the jury's exclusive role to find facts supporting an extended term, in violation of the Fifth and Sixth Amendments. Erlinger v. United States, 602 U.S. 821 (2024); see also State v. Carlton, 480 N.J. Super. 311 (App. Div. 2024), certif. granted 260 N.J. 478 (2025). Because we are persuaded the court improperly made factual findings reserved for a jury to support the extended term sentence, we vacate and remand for sentencing in accordance with Erlinger.

A-3306-23

I.

A. <u>The Robbery</u>[1]

In November 2014, a jury found defendant guilty of first-degree robbery, N.J.S.A. 2C:15-1 (count one); second-degree conspiracy to commit first-degree robbery, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:5-2 (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:58-4 and N.J.S.A. 2C:39-5b (counts three and five); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a (counts four).[2] Defendant was tried together with co-defendant Darnell Wilson who was convicted of counts one through four.

At trial, an individual named Michael Iann testified that, on August 10, 2012, he was selling stereo systems out of his truck. Defendant and Wilson were repeat customers of Iann, having purchased items from him on multiple occasions. On the evening of August 10, Iann agreed to meet defendant and Wilson at a gas station in Jersey City to make a purchase.

---

[1] We derive the facts of the offense underlying this appeal from the trial record and our consolidated opinion in <u>State v. Flagler</u>, Nos. A-3357-14, A-3395-14 (App. Div. May 11, 2018).

[2] Count six of the same indictment, also charging possession of a firearm for an unlawful purpose, was dismissed prior to the conclusion of trial upon defendant's motion for a judgment of acquittal.

When the men arrived at the gas station, Iann observed Wilson driving a green Nissan Altima, with defendant in the passenger seat. Wilson offered to buy several items from Iann and explained a friend was interested in making a purchase. Iann agreed to follow defendant and Wilson to "a residence" where he parked in the driveway.

When they arrived, defendant asked Iann "how to connect a phone to the back receiver." Iann recounted beginning to demonstrate and "reach[ing] in the window to take [a wire] out and when [he] turned back around, the gun was in [his] face." Defendant pinned Iann against the truck, stating "[i]f you move . . . I don't give a f[***], I'll blow it." Iann testified Wilson was removing three home theater systems from Iann's truck, after which Wilson and defendant went through Iann's pockets, taking his cell phone and twenty-one dollars in cash. After this, Wilson returned to the driver's seat of the green Nissan and defendant returned to the passenger seat. When Iann asked for his phone, defendant pointed a gun at Iann from the passenger's window as Wilson drove off.

B. Sentencing

The trial court sentenced Wilson first. The court found aggravating factors three, the risk of another offense, N.J.S.A. 2C:44-1(a)(3), and nine, the need to deter defendant and others, N.J.S.A. 2C:44-1(a)(9). Finding no

4

A-3306-23

mitigating factors, the court sentenced Wilson to an aggregate term of eighteen years with eighty-five percent to be served without eligibility for parole pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant was sentenced the same day, and the court found aggravating factors three and nine, but also six, the nature and extent of defendant's prior record, N.J.S.A. 2C:44-1(a)(6). The court noted defendant's "first contact with the [c]riminal [j]ustice [s]ystem came at the age of [fifteen], when he was adjudicated delinquent on a charge of robbery."[3] The sentencing court identified defendant's nine juvenile arrests and two juvenile adjudications for offenses "involving the unlawful possession of weapons" and his "at least" four prior violations of probation. The sentencing court continued, at age twenty-six, defendant had accumulated ten arrests and four indictable convictions. Finding no mitigating factors, the court sentenced defendant to an aggregate term of thirty years with eighty-five percent to be served without eligibility for parole pursuant to NERA, imposing a discretionary extended term on count one as a persistent offender pursuant to N.J.S.A. 2C:44-3(a).

---

[3] This juvenile adjudication referenced by the sentencing court, and later the resentencing court, is the offense defendant claims was improperly considered as it was dismissed. We note defendant's presentence report shows no juvenile robbery charge or any disposition of it, by dismissal or otherwise.

In finding that defendant was a persistent offender pursuant to N.J.S.A. 2C:44-3(a), the court relied on defendant's "third-degree offense of theft from the person . . . entered on December 14, 2009" and "possession of a controlled dangerous substance, a third-degree offense entered on October 25, 2010."

C. Direct Appeal

On appeal in 2018, we affirmed defendant's conviction and sentence. Flagler, slip op. at 2. Relevant here, we rejected defendant's argument his sentence was excessive because the trial court's finding of mitigating factors three, six, and nine as to defendant, and three and nine as to Wilson, were "based upon credible evidence in the record." Id. at 17.

On September 10, 2015, prior to our hearing defendant's direct appeal, defendant was sentenced for unrelated offenses of unlawful possession of a weapon, N.J.S.A. 2C:39-5, and possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5,[4] to a term of ten years' imprisonment with a mandatory five years of parole ineligibility, pursuant to the Graves Act, N.J.S.A. 2C:39-5 and -3, to run consecutive to his current sentence. Again, the sentencing court found aggravating factors three, six, and nine applied to

---

[4] We have not been provided with a judgment of conviction regarding these two offenses; we derive this information from the transcript of that sentencing hearing.

defendant, and no mitigating factors applied.

D. Post-Conviction Relief

In 2023, defendant filed a petition for post-conviction relief (PCR). The PCR court granted defendant's petition and ordered resentencing. Specifically, the PCR court found that the sentencing court erroneously identified the relevant extended term sentencing range, which should have been "[ten] years to life imprisonment"[5] and ordered a resentencing as to defendant's first-degree robbery conviction. Defendant also argued that his sentence was unduly disparate in relation to Wilson's, but the PCR court did not reach the merits of that argument.

E. Resentencing

On November 27, 2023, defendant appeared for resentencing. Without making distinct extended term findings, the resentencing court stated that it was incorporating the "reasoning" and "findings of fact" made by the initial sentencing court, "except for the range." Specifically, as to defendant's persistent-offender status pursuant to N.J.S.A. 2C:44-3(a), the resentencing court stated, "in terms of [the sentencing court's] logic as to finding [defendant]

---

[5] See State v. Pierce, 188 N.J. 155, 171 (2006) (clarifying extended term sentencing raises the upper not the lower term of the increased range).

A-3306-23

a persistent offender . . . I adopted [its] reasoning." The court explained "[defendant] was a persistent offender [ten] years ago . . . . I do find him to be a persistent offender as well."

During argument, defendant argued the first sentence was excessive and requested the court consider mitigating factor fourteen, defendant was under twenty-six years of age at the time the offense was committed, N.J.S.A. 2C:44-1(b)(14), and the State conceded its applicability. Defendant also asked that the court consider "defendant was the victim of robbery at a young age," "suffered gunshot wounds," and suffered an "addiction to heroin" as mitigating factors.

The court then considered aggravating factors three, six, and nine, finding that aggravating factor three applied because "from the time [defendant was fifteen] all the way up to the time of this offense, . . . [he was] consistently involved in the criminal justice system." The court noted, although it found aggravating factor three, it "no longer put as strong a weight on it as perhaps [the sentencing court] did." Referring generally to the presentence report, the court stated "at age fifteen [defendant] committed a robbery. That's young. Unlawful possession of a weapon. . . . He's got several others as a juvenile. And then four indictables as . . . an adult."

A-3306-23

The court also found aggravating factor six citing defendant's "extensive record." The court "put medium weight on number [six]" because defendant had "led a law-abiding life while incarcerated." The court also found aggravating factor nine and gave it "strong weight" because defendant "kn[e]w this [wa]s bad behavior," having also been a crime victim. The resentencing court applied mitigating factor fourteen, although noting defendant was toward the "higher end of that age" at the time he was sentenced for the robbery. The court also considered defendant's history as a violence victim and his heroin addiction but did not find these circumstances should mitigate his sentence because defendant admitted that there was no evidence corroborating defendant's addiction to heroin at the time of the robbery.

The court ultimately resentenced defendant to a term of twenty-six years with eighty-five percent to be served without parole eligibility pursuant to NERA, imposing a discretionary extended term after again finding that defendant was a persistent offender.

Defendant filed a notice of appeal on June 27, 2024, six days after the United States Supreme Court's decision in Erlinger. In an order dated July 11, 2024, we granted defendant's motion for leave to file notice of appeal as within time. In his attached certification, defendant claimed on November 27, 2023,

the date of his resentencing, "[he] asked his attorney to file an appeal" and "was under the impression that [his] appeal was being worked on."  Further, defendant claimed he learned after contacting the Public Defender's Office "that [his] appeal request was out of time and no request had been received."

II.

Defendant raises the following points on appeal:

POINT I

THE MATTER MUST BE REMANDED FOR A JURY DETERMINATION REGARDING DEFENDANT'S ELIGIBILITY AS A PERSISTENT OFFENDER IN ACCORDANCE WITH ERLINGER V. UNITED STATES, 602 U.S. 821 (2024), AND STATE V. CARLTON, 480 N.J. SUPER. 311 (APP. DIV. 2024).

POINT II

THE MATTER MUST BE REMANDED FOR RESENTENCING BECAUSE DEFENDANT RECEIVED AN EXCESSIVELY DISPARATE SENTENCE AS COMPARED TO HIS "SUFFICIENTLY SIMILAR" CODEFENDANT, RENDERING THE SENTENCE UNLAWFUL.  THIS MATTER ALSO MUST BE REMANDED FOR RESENTENCING BECAUSE THE RESENTENCING COURT'S FINDINGS OF AGGRAVATING AND MITIGATING FACTORS WERE NOT BASED ON "COMPETENT, CREDIBLE EVIDENCE IN THE RECORD."

10

In his reply brief, defendant added the following point:

> POINT I
>
> CONTRARY TO THE STATE'S ARGUMENT, DEFENDANT IS CLEARLY IN THE "PIPELINE" FOR RETROACTIVITY PURPOSES BECAUSE HIS MATTER IS PENDING DIRECT APPELLATE REVIEW.

In his supplemental self-represented brief, defendant raised the following point:

> POINT I
>
> DEFENDANT'S SENTENCE SHOULD BE VACATED AND REMANDED FOR RESENTENCING UNDER THE SIXTH AMENDMENT AND ARTICLE 1 PARAGRAPH 10 BECAUSE THE SENTENCING COURT IMPOSED A SENTENCE THAT WAS TRIPLE THE PLEA OFFER AND DOUBLE HIS CODEFENDANT SENTENCE WHEN CONSIDERING THE AGGREGATE CONSECUTIVE UNITARY SENTENCE.

### III.

"It is well-established that appellate courts review the trial court's 'sentencing determination under a deferential standard of review.'" State v. Grate, 220 N.J. 317, 337 (2015) (quoting State v. Lawless, 214 N.J. 594, 606 (2013)). However, deference "applies only if the trial judge follows the [Criminal] Code and the basic precepts that channel sentencing discretion." State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting State v. Case, 220 N.J. 49,

11

65 (2014)). We review de novo questions of law. State v. Russell, 481 N.J. Super. 333, 349 (App. Div. 2025).

## A.

We turn first to defendant's argument "[t]his matter must be remanded for a jury determination regarding defendant's eligibility as a persistent offender because the jury never decided this question." Defendant relies on the United States Supreme Court's opinion in Erlinger, adopted in Carlton, arguing that Erlinger, which held that any fact, including prior convictions, increasing the prescribed range of penalties to which a defendant is exposed must be resolved by a jury, Erlinger, 602 U.S. at 849, applies to his case because the sentencing court, without a jury, found that defendant was a persistent offender, which increased the maximum sentence that defendant could receive.

Defendant argues his case was in the direct appeal pipeline at the time Erlinger was decided because, although his notice of appeal was not filed before Erlinger was decided, he had not yet exhausted all avenues of direct review. Thus, defendant contends the findings underlying his persistent offender status and extended term sentence should have been made by a jury.

The State counters, although Erlinger applies retroactively, it does not apply to defendant's resentencing because Erlinger only applies to cases in the

12

direct appeal "pipeline," and defendant's appeal, filed after <u>Erlinger</u> was decided, cannot be considered.

The United States Supreme Court decided <u>Erlinger</u> on June 21, 2024, confirming, "the Fifth and Sixth Amendments generally guarantee a defendant the right to have a unanimous jury find beyond a reasonable doubt any fact that increases his [or her] exposure to punishment." <u>Erlinger</u>, 602 U.S. at 828 (alterations in original). Defining the scope of its holding, the Supreme Court identified the "narrow exception" in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which permits "judges to find only 'the fact of a prior conviction.'" <u>Erlinger</u>, 602 U.S. at 836-38 (quoting <u>Alleyne v. United States</u>, 570 U.S. 99, 111 n.1 (2013)). However, "[a] judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.'" <u>Id.</u> at 831 n.3 (quoting <u>Mathis v. United States</u>, 570 U.S. 500, 511-12 (2016)). In <u>Erlinger</u>, the Court noted that "[the trial court] had to find that those offenses occurred on at least three separate occasions. And, in doing so, the court did more than <u>Almendarez-Torres</u> allows." <u>Id.</u> at 838-39.

In <u>Carlton</u>, we addressed the applicability of <u>Erlinger</u> to an extended term imposed by the court pursuant to the persistent-offender enhancement in

N.J.S.A. 2C:44-3(a).  Carlton, 480 N.J. Super. at 328-29.  N.J.S.A. 2C:44-3(a) allowed the court to determine, upon application by the prosecuting attorney, whether the defendant "has been convicted of a crime of the first, second, or third degree and is a persistent offender."[6]

In Carlton we held, in light of Erlinger and to cure the conflict between Erlinger and N.J.S.A. 2C:44-3(a), "a unanimous jury must find beyond a reasonable doubt that all . . . of the factual predicates [of N.J.S.A. 2C:44-3(a)] are present, or defendant must admit these predicates as part of a knowing and voluntary waiver of the right to a jury trial with respect to extended-term eligibility."  Carlton, 480 N.J. Super. at 328-29.  We also held that Erlinger's application to the persistent offender statute applies retroactively to pipeline

---

[6]  The statute defines "persistent offender" as:

> [A] person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
>
> [N.J.S.A. 2C:44-3(a).]

cases. Id. at 326-27 ("[T]he Erlinger rule applies retroactively to persistent-offender cases, like this one that are still in the direct appeal 'pipeline.'").

Pipeline retroactivity is defined as "all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break from the past." Id. at 327 (internal quotation marks omitted) (quoting State v. Wessells, 209 N.J. 395, 412 (2012)). For example, in Carlton, we applied Erlinger retroactively because the parties filed their initial briefs with the Appellate Division before Erlinger was decided. Id. at 322.

Preliminarily, we determine defendant's matter falls within Erlinger's pipeline and is reviewable under its direction. We acknowledge defendant filed his notice of appeal on June 27, 2024, days after the Supreme Court decided Erlinger. However, we granted defendant's motion for leave to file notice of appeal as within time on July 11, 2024.

We have held, when a party's motion to file its appeal "as within time" is granted, the appeal "[i]s deemed filed within forty-five days from the sentence date." State v. Haskins, 477 N.J. Super. 630, 646 (App. Div. 2024). In Haskins, we addressed retroactive application of our Supreme Court's decision in State v. Smith, 251 N.J. 244, 252-53 (2022), which applied pipeline retroactivity to a new test for whether tinted windows violate the Motor Vehicle Code. In

Haskins, "defendant's notice of appeal was . . . due [before Smith was decided], but was not filed until [after Smith was decided]." Haskins, 477 N.J. Super. at 639. Nevertheless, we granted defendant's motion to file a notice of appeal as within time, and as such, "[d]efendant's case, for all practical purposes, was accordingly 'on direct appeal' at the time Smith was issued." Id. at 646 (quoting State v. Dock, 205 N.J. 237, 256 (2011)).

Here too, defendant's motion for leave to file a notice of appeal was granted as within time; thus, functionally, defendant's appeal is considered as pending direct appeal before Erlinger was decided. See Haskins, 477 N.J. Super. at 646 (in granting a defendant's motion to appeal as within time, the appeal "[i]s deemed filed within forty-five days from the sentence date"). Here, defendant's resentencing occurred on November 27, 2023, and his forty-five-day window would have closed on January 11, 2024, several months before Erlinger was decided. Therefore, Erlinger applies to defendant's resentencing.

Turning to whether defendant's sentence complies with Erlinger, the record demonstrates the resentencing court, not the jury, found defendant was a persistent offender pursuant to N.J.S.A. 2C:44-3(a) in imposing a discretionary extended term. Thus, the pivotal determination of whether defendant's predicate crimes were committed at different times and whether his latest crime or last

16

release from confinement was within ten years of the date of this crime were not resolved by the jury. Although proper pre-Erlinger, the resentencing court's imposition of an extended discretionary term without a jury's predicate determination violates our interpretation of N.J.S.A. 2C:44-3(a) outlined in Carlton. We are therefore constrained to vacate defendant's sentence and remand for sentencing in accordance with the United States Supreme Court's holding in Erlinger and our holding in Carlton.

In Carlton, we provided instructions on how to conduct the proceedings on remand. If the State "elect[s] to forego pursuing an extended term," then defendant shall be resentenced within the ordinary range for the crimes for which he was found guilty. Carlton, 480 N.J. Super. at 355. However, if the State requests the "imposition of the persistent-offender extended term and there is no post-conviction agreement" between the State and defendant, "the trial judge shall convene a jury for trial limited to the question of whether defendant meets the definition of a persistent offender set forth in N.J.S.A. 2C:44-3(a)." Id. at 356.

If the court conducts a sentencing trial, the State has:

> [T]he burden of proving beyond a reasonable doubt all facts and circumstances needed to establish extended-term eligibility under N.J.S.A. 2C:44-3(a), including not only that the prior convictions were entered on

17

separate occasions and the prior crimes were committed at different times, but also that defendant was [twenty-one] years of age or older when the present crime was committed, that defendant was at least eighteen years of age when the prior crimes were committed, and that the latest of the prior convictions or the date of defendant's last release from confinement, whichever is later, is within ten years of the date of the crime for which defendant is being sentenced.

[Ibid.]

We note during the pendency of this appeal, our Supreme Court granted certification to hear Carlton.[7]  Nothing in this opinion should be construed to require the court, on remand, to hold a jury trial determining defendant's eligibility for an extended term as a persistent offender before the Supreme Court renders its decision in Carlton.  The remand court may exercise its discretion in delaying such a trial pending the Supreme Court's decision.  The remand court also has the discretion to allow the parties to reach a negotiated resolution of the Erlinger issue.

B.

Having vacated defendant's sentence, we need not address his remaining arguments regarding the sentencing disparity with his co-defendant or the court's

---

[7]  See State v. Carlton, 260 N.J. 478 (2025).  The certified question is "whether a jury can determine whether a defendant is a persistent offender under the statutory language in N.J.S.A. 2C:44-3."  Id. at 479.

weighing of aggravating and mitigating factors.  See State v. Jenkins, 178 N.J. 347, 369 (2004).  We note only our inability to reconcile the presentence report provided to us on appeal with both sentencing courts' findings concerning defendant's juvenile record and our expectation that any conflict will be resolved before consideration of that history on resentencing.

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3306-23